UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M.C. WHITLEY,

        Petitioner,

v.

HEIDI WASHINGTON and
CONNIE HORTON,

        Respondents.
_____/

Case No. 2:20-cv-11533

HONORABLE STEPHEN J. MURPHY, III

**ORDER TRANSFERRING THE CASE TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

    On May 28, 2020, Petitioner M.C. Whitley filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 1651, ECF 1, and an emergency motion for a temporary restraining order and preliminary injunction, ECF 2. In his petition and motion, Whitley sought immediate release from state custody due to the allegedly imminent danger of contracting COVID-19 while incarcerated. *See* ECF 2, PgID 18. Because the proper venue for this case is the United States District Court for the Western District of Michigan, the Court will transfer the case to that District.

    Whitley is a state prisoner housed at the Chippewa Correctional Facility in Kincheloe, Michigan, where Respondent Connie Horton is the warden. ECF 1, PgID 2. Respondent Heidi Washington is the Director of the Michigan Department of Corrections with its principal offices in Lansing, Michigan. *Id*. Whitley alleged that he was convicted of second-degree murder in the Monroe County Circuit Court and sentenced to prison for 40 to 65 years in 2005. *Id*. He also alleged that he is 46 years

old, that he has served 23 years of his sentence, and that he has an "out date" of November 2038. *Id*. at 2–3.

But Whitley is not challenging his conviction or the imposition of his sentence. *Id*. at 1. Instead, he is challenging the conditions of his incarceration. *Id*. Specifically, he claimed that the COVID-19 pandemic, the conditions at the Chippewa Correctional Facility, his age, and his health issues put him at risk of contracting COVID-19 and suffering from a loss of health and even life. *See generally, id*. He sought release from prison on bond or an early release on parole for alleged violations of his rights under the Fifth and Eighth Amendments to the United States Constitution. ECF 1, PgID 13; ECF 2, PgID 22.

Whitley filed his habeas petition under 28 U.S.C. § 2241, which states that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A preliminary question here is whether this federal district is the proper venue" for Whitley's habeas case. *See Sosby v. Brown*, No. 20-11343, 2020 WL 3077853, at *1 (E.D. Mich. June 10, 2020). "[F]or core habeas petitions challenging present physical confinement [under § 2241], jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Further, "[i]t is well settled that the district courts have wide discretion to transfer an action to a different district or division, where it might have been brought, for the convenience of the parties and witnesses, in the interests of justice, pursuant to 28 U.S.C. § 1404(a)." *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 394

(E.D. Mich. 1982) (citing *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955)). "In fact, 28 U.S.C. § 1404(a) does not require a motion; a district court may transfer a case sua sponte." *Carver v. Knox Cty., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989) (footnote omitted).

Whitley's core habeas petition challenged his present physical confinement at the Chippewa Correctional Facility in Kincheloe, Michigan. ECF 1. Kincheloe lies in Chippewa County, which falls within the geographical confines of the United States District Court for the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). Whitley is therefore confined in the Western District of Michigan, and this Court has no jurisdiction over his petition, and the Court will transfer the petition to the Western District. And because the Court lacks jurisdiction over the case, it will not resolve Whitley's emergency motion or determine if he may proceed without prepayment of the filing fee for the action.

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court shall **TRANSFER** the case to the United States District Court for the Western District of Michigan.

**SO ORDERED.**

Dated: July 21, 2020

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 21, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

3